UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL HELMHOLTZ,

    Plaintiff,

v.                                                    CASE NO. 1:21cv62-MCR/HTC

BP EXPLORATION & PRODUCTION INC;
BP AMERICA PRODUCTION COMPANY;
BP PLC,

    Defendants.
_____/

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge dated December 13, 2022, ECF No. 56, recommending granting summary judgment in favor of the Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively "BP" or "BP Defendants"). The parties have been furnished a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). No timely objections have been filed.

This case arose out of the *Deepwater Horizon* oil spill.[1] Plaintiff brought suit for physical injuries he suffered while he was harvesting live marine life in the Gulf

---

[1] The Court assumes the parties' familiarity with the case history, including the *Deepwater Horizon* oil spill, the clean-up efforts, the resulting multidistrict litigation, and the transfer of this "B3 Pleading Bundle" case to this District for discovery and trial. The details are fully set out by

of Mexico for his business and which he contends were caused by exposure to oil and/or chemical dispersants used in the cleanup effort after the spill. The record reflects that Helmholtz failed to designate an expert or request an extension of time by the April 26, 2022, expert disclosure deadline (which allowed him seven months from the date the Court's Case Management Order do designate an expert), and BP thereafter moved for summary judgment, arguing that Plaintiff cannot prove causation absent an expert opinion. ECF No. 38.

As detailed in the Report, Plaintiff's counsel withdrew and Plaintiff was given additional time to respond to the summary judgment motion. Previously expired deadlines were not reopened or extended. Plaintiff indicated an intent to proceed *pro se* and filed his response to the summary judgment motion. Plaintiff conceded he had not designated an expert at the time the summary judgment motion was filed but argued nonetheless that he disclosed a list of experts on July 7, 2022 (two months after the summary judgment motion and well after the April 26 expert disclosure deadline). The Magistrate Judge determined that Plaintiff cannot make the requisite showing of causation in light of his failure to timely designate any causation expert recommends granting summary judgment to the BP Defendants.

---

the Magistrate Judge in the Report and Recommendation, which is incorporated herein by reference, and therefore, these facts will not be recounted here.

When reviewing a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) (similarly requiring de novo review of any part of the Report that that is "properly objected to"). Objections must be sufficiently specific to warrant de novo review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783-85 (11th Cir. 2006). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain or clear error on the face of the record in order to accept the recommendation. *See United States v. Slay*, 714 F.2d 1093,1095 (11th Cir. 1983); *see also* Fed. R. Civ. P. 72(b) (1983 advisory committee note).

Plaintiff failed to file any timely and specific objections to the Report and Recommendation. His objection was due within fourteen days of the December 13, 2022, Report and Recommendation, that is, by Tuesday, December 27, 2022. On Tuesday, January 10, 2023, Plaintiff filed what is titled, "Motion and Memorandum in Opposition to Defendant's Motion for Summary Judgment," ECF No. 59. This is too little too late, and even liberally construing this belated filing as an objection,

and reviewing the Report and Recommendation *de novo*, the Court finds that the objection is due to be overruled.

As the Magistrate Judge warned the Plaintiff, although the Court construes *pro se* pleadings liberally, *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Florida, and this Court's scheduling order deadlines. *See generally Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff must show general and specific causation in this toxic tort context through expert testimony. *See Chapman v. Procter & Gamble Distrib., LLC,* 766 F.3d 1296, 1316 (11th Cir. 2014); *McClain v. Metabolife Int'l, Inc*., 401 F.3d 1233, 1237 (11th Cir. 2005).

Plaintiff attempts to submit supporting evidence, including an article by Mark A. D'Andrea and G. Kesava Reddy, which assessed the long-term adverse health effects of oil exposure on cleanup workers exposed to the *Deepwater Horizon* oil spill. But reliable expert testimony, which Plaintiff does not have, would be required to draw any conclusion regarding causation from the study. Plaintiff also again relies on his July 7, 2022, list as his expert designation but even if the Court were to set aside his failure to comply with the Court's scheduling order, the undersigned agrees with the Magistrate Judge's observation that no reading of the Plaintiff's belated

designation, "no matter how liberal," could permit a finding that it satisfied the requirements of Rule 26(a)(2). ECF No. 56 at 12. Absent a timely disclosed expert and written report, Plaintiff is "unable to establish general causation, a necessary element of [his] claims." *In re Deepwater Horizon BELO Cases*, No. 20-14544, 2022 WL 104243, at *3 (11th Cir. Jan. 11, 2022). On careful review, and having considered Plaintiff's objections under *de novo* review, the Court finds that the Magistrate Judge's Report and Recommendation is due to be adopted as the order of the Court and incorporated herein by reference.

Accordingly:

1. The Report and Recommendation of the Magistrate Judge dated December 13, 2022, ECF No. 56, is **ADOPTED** and incorporated by reference in this Order.

2. The BP Defendants' Motion for Summary Judgment, ECF No. 38, is **GRANTED.**

3. The Clerk is directed to enter judgment in favor of the Defendants, tax costs against the Plaintiff, and close the file.

**DONE AND ORDERED** this 31st day of January 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 1:21cv62-MCR/HTC